UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff(s),<br><br>     v.<br><br>BESART HOXHA, et al.,<br><br>                              Defendant(s). | Case No. 2:17-CR-306 JCM (VCF)<br><br>ORDER |

Presently before the court is the defendant Besart Hoxha's motion to correct judgment under Federal Rule of Criminal Procedure 35 and 36. (ECF No. 1136). The government does not oppose the defendant's motion. (*See* ECF No. 1137).

This court sentenced the defendant on December 11, 2023, to 62 months in custody for violating 18 U.S.C. §§ 1962(d) and 1963. (ECF No. 1132). During the hearing, the parties requested that the defendant be credited 112 days for time served in foreign custody. The judgment entered by the court stated that the defendant is sentenced to "62 months, with 112 days credit for time served in foreign custody." (ECF No. 1134, at 2). The parties now move to amend the judgment to give the defendant 198 days credit for time served in foreign custody, arguing that the previously recommended 112 days was a miscalculation. (ECF No. 1136, at 2).

The parties first argue that an amendment is proper under FED. R. CRIM. P. 35(a), which allows the court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within "14 days after sentencing." "Sentencing" is defined by the rule as the "oral announcement of the sentence." FRCP 35(c). As more than 14 days have passed since the sentencing hearing, the court cannot grant the parties' requested amendment under this rule.

**James C. Mahan**
**U.S. District Judge**

The parties also argue that amendment is proper under FED. R. CRIM. P. 36, which provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment…or correct an error in the record arising from oversight or omission." The Ninth Circuit explains that Rule 36 allows the sentencing court to correct the judgment "to conform to what the record indicates" but not to make "substantive" changes to the sentence. *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984). Thus, Rule 36 is a "narrow" provision limited only to correcting "clerical" errors. *Id.*

The judgment states that the defendant is to be imprisoned for a total term of 62 months "with 112 days credit for time served in foreign custody." (ECF No. 1134, at 2). This is a clerical error, and therefore amendable under Rule 36, because the judgment was intended to state that the district court is *recommending* credit for time served in foreign custody.

District courts are without jurisdiction to calculate, in the first instance, credit for time served in custody prior to sentencing, including time served in foreign custody. *See United States v. Shareef*, 470 F. App'x 613, 614 (9th Cir. 2012) (mem.). Any statements "by a district court regarding credit for time served are only recommendations." *Taylor v. Reno*, 164 F.3d 440, 446 (9th Cir. 1998) (citing *United States v. Wilson*, 503 U.S. 329 (1992)). This is because the "prerogative to grant credits in the first instance rests with the Attorney General, acting through the Bureau of Prisons." *United States v. Peters*, 470 F.3d 907, 909 (9th Cir.2006).

The judgment must therefore be amended under Rule 36 to correctly state that the court was merely making a recommendation to the BOP regarding the defendant's time-credit calculation while in foreign custody. This amendment will "conform" the judgment to the record and intent of the court. As any recommendation by the court to the BOP is not binding on the BOP, additionally amending the recommendation from 112 days to 198 will not substantively alter the defendant's sentence and is therefore allowable under Rule 36.[1]

To the extent that the parties request that the court amend the judgment to state that the defendant actually be given 198 days credit for time served in foreign custody, the court denies

---

[1] As the Ninth Circuit explained in *Peters*, when a judgment erroneously states that a defendant is given a certain amount of credit for time served, the error is remedied by "simply striking the phrase" from the judgment and imposing the full sentence. 470 F.3d at 909.

James C. Mahan
U.S. District Judge

the request.  As explained earlier, while the court may make *recommendations* to the BOP regarding time-credit calculations, it does not have statutory authority to actually give such credits, "and a criminal defendant may only challenge the Bureau's calculation of credits in a habeas corpus action…after the exhaustion of administrative remedies." *United States v. Jackson*, 798 F. App'x 62, 65 (9th Cir. 2019); *see Taylor*, 164 F.3d at 446. *Cf. Marler v. United States Attorney's Office*, No. 87-1985, 1988 U.S. App. LEXIS 22451 (9th Cir. Sep. 1, 1988) ("[T]he district court had no authority to order that the sentence be served either consecutively or concurrently; it could only make a recommendation to the Bureau of Prisons." (citations omitted)).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the defendant's motion to correct judgment regarding credit for time served in foreign custody (ECF No. 1136) be, and the same hereby is, GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the parties' stipulation regarding the defendant's motion (ECF No. 1137) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the defendant's judgment be amended to state that the court recommends to the Bureau of Prisons that the defendant be given 198 days credit for time served in foreign custody.  All other aspects of the defendant's sentence and judgment remain the same.

DATED January 3, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**